UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL DAVID MOORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:09-0166 |
| | ) | Judge Trauger/Brown |
| THE WEINSTEIN COMPANY, LLC, et al., | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Presently pending is the defendants' motion to deem admitted certain requests for admission (RFA) or in the alternative to be provided with responses which comport with Federal Rule of Civil Procedure 36 by the defendants. The matter has been briefed and the Magistrate Judge held a lengthy hearing on the matter on February 24, 2011. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part. The plaintiffs filed an extensive response to the motion and its memorandum (Docket Entry No. 161). Following the Magistrate Judge's order concerning the nature of the hearing (Docket Entry No. 165), the parties submitted a joint statement of matters at issue (Docket Entry No. 166).

As an initial matter, the Magistrate Judge does express some concern over the sheer number of RFAs as well as the way they were presented. If given separate numbers, most of the RFAs would have from two to six requests for specific admissions. It would have been far easier for the Magistrate Judge to follow and for the plaintiffs to respond had each of the numbered paragraphs been

broken down with subparagraphs. The number of requests, counting the subparts, totals over 500. Although Rule 36 does not in itself impose a limit on the number of requests for admission that may be served, several courts have in fact imposed a limit either by Local Rule or by a specific order in a case,. See e.g., Murray v. U.S. Dep't of Treasury, 2010 WL 34649149 (E.D. Mich. Sept. 1, 2010). The District Judge in that case pointed out that other courts had limited the number of requests for admission to 25. While the purpose of requests for admission is to shorten the trial and relieve a party from the burden of proving matters by requesting the other side to admit to certain facts, the process can be abused if the requests become burdensome. During the course of the hearing, the Magistrate Judge expressed his concern that the time consumed over these requests for admission was likely to be more than would be required by using interrogatories, depositions or even direct testimony. The Magistrate Judge trusts that all parties in this litigation will keep in mind that there is a practical limit to the number of requests for production or admission and if that limit is exceeded they become unduly burdensome and can be limited.

In their joint statement, the parties have grouped the various requests for admission into separate exhibits. The Magistrate Judge will take them up in the same order.

Exhibit A (Docket Entry No. 166 page 2) covers RFAs 93-97, 99-138, 142, 147-188. The plaintiffs raised a specific objection

#14 to this set at Docket Entry No. 166-1, page 8:[1]

> In connection with several meet and confers about these Requests, Defendants provided Plaintiffs with a collection of documents purporting to be referenced in the Requests. The documents, all pages downloaded from the Internet, were labeled by Defendants to relate to a particular Request. Plaintiffs object to the tender of these documents and to the Requests related to them because they call for the Plaintiffs to scrutinize documents that are inherently "prejudicial, irrelevant, hearsay and lacked foundation." *See United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000). "Any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules." *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773, 775 (S.D. Texas 1999). To burden the Plaintiffs to establish the truth of the requested admissions based on this collection of documents is harassing and worthless. Plaintiffs can only verify that each document tendered purports to say what it says, not that the "facts" which are the subject of the Requests for Admission are true. Therefore, Plaintiffs object to and hereby deny all requests predicated not on Plaintiffs' knowledge but the exercise of review of Defendants' hearsay, downloaded web pages.

The Magistrate Judge is of the opinion that it is certainly proper for the defendants to ask the plaintiffs whether certain web pages exist when they provide a copy of the web page to the plaintiffs. In this case it appears that they have done so.

The plaintiffs should be willing to admit the fact that such a page exists. By admitting the fact that such a page exists the plaintiffs are not admitting that the statements made on that page are factual. The Magistrate Judge believes that the answers supplied to the request for admissions listed in Exhibit A are

---

[1] In accordance with the local rules the parties have numbered their pages bottom center with consecutive numbers. The magistrate judge will use these numbers when making page references to the exhibits.

sufficient, with the following exceptions:

In RFA 99, the fourth sentence states "Admit that none of the Plaintiffs has licensed the use of the words 'soul men' in connection with the title of the compilation album 'Soul Men'." This RFA and others similar to it should be answered with an admission if the plaintiffs in fact have not issued such a license. The plaintiffs within 21 days should amend their answers to RFAs similar to this to either specifically admit or deny. Plaintiffs are free to follow up the admission or denial with an explanation. Unfortunately, in many cases the plaintiffs have tended to obscure admissions or denials in a flurry of explanations. Much as a witness may be directed to answer yes or no and then allowed to explain, the plaintiffs in this case should give an admission or denial followed by any explanation they wish to make. To the extent that plaintiffs need to revise similar answers they should do so within 21 days of the entry of this order.

A series of RFAs beginning at 154 through 188 requests the plaintiffs to admit that certain articles appeared in print or that certain interviews were held.(Docket Entry 166-1 Pages 31-44) The Magistrate Judge understands that with these requests were copies of the actual articles or a link to a video of a cited interview. The Magistrate Judge believes that the plaintiffs should admit or deny whether the articles or interviews appeared with the explanation that they do not admit the truth of the matters stated therein.

4

Exhibits B (Page 45-53) and C (pages 54-64). Exhibit C contains the original request for admissions that have now been restated as set forth in Exhibit B. The RFAs were restated to meet the plaintiffs objection #15 (page 54)that artists do not release albums or songs, rather they are released by recording companies. The defendants therefore restated their requests to ask the plaintiffs to admit whether a certain album by a particular performing artist was released by anyone. The Magistrate Judge believes this will clarify the requests that were subject to objection 15. The plaintiffs should respond to the restated request for admission within 21 days of the entry of this order.

The plaintiffs, during the course of the hearing, objected that this would require an undue amount of research on their part. The Magistrate Judge would note that the plaintiffs are professionals in this business and it does not appear to the Magistrate Judge that it would be unduly burdensome to answer questions about a specific release. On the other hand, a restated RFA such as 140 (page 46), which does not specifically identify the songs in question, would appear to the Magistrate Judge to be burdensome. To the extent the defendants ask about a particular song or album then the plaintiffs should be in a position to research and answer that issue without undue burden. The plaintiffs can state whether or not they have issued licenses in connection with particular songs or albums. They may, of course, add to their

explanation that such licensing is not required under the particular circumstances inquired about.

The Magistrate Judge does not need to further address Exhibit C inasmuch as the questions have now been restated in Exhibit B and the Magistrate Judge has given his view as to how responses to the restated questions should be answered.

Exhibit D (Docket Entry No. 166-4)(pages 66-68) contains a series of RFAs dealing with the use of the word "soul" in various titles, and asks the plaintiffs to admit they never licensed the use of "soul" in connection with these various titles. RFAs 140 and 141 need not be further answered in the absence of identification of the specific artists and performing groups asked about. The RFAs as stated are too broad. RFAs 189 and 190 ask about materials in Google. The response is that the plaintiffs did search that term and they have provided what their search turned up. This answer is sufficient. RFA 191 suffers from the same problems that others have; it has six separate sentences requesting admissions. The plaintiffs' responses do not specifically respond to the six sentences. The plaintiffs should amend their answers to 191 to specifically address each of the six sentences.

Exhibit E (Docket Entry No. 166-5)(pages 69-73) involves a series of RFAs concerning the plaintiffs' use of various terms of bad language. The RFAs as asked do not give a context or time limit. The plaintiffs have admitted that at some time in the past the plaintiff Sam Moore has spoken or used such words. These

6

answers are adequate, given the broad nature of the RFAs.

The Magistrate Judge would note that for some reason the defendants refer to Sam Moore's Interview Book (see RFA 35, page 70) as if this were the title of the book. The actual book referred to is entitled "Sam and Dave: An Oral History," which was published in 1998. Calling it Sam Moore's Interview Book raised a series of objections from the plaintiffs, which could have been avoided had the proper title been used. The Magistrate Judge is not particularly impressed, however, with the quibbling over whether statements in the book are interviews or not. It appears that whether they were obtained through an interview or writing down a statement of Mr. Moore they do contain various terms, descriptions and information provided by Mr. Moore.

RFA 66 was withdrawn.

RFA 80 (page 73) requests the plaintiffs to admit that they objected to any use of the movie title Soul Men prior to February 15, 2008. The answer is, "Plaintiffs admit they objected to the use of 'Soul Men' as the title to the Movie, which objection was formally communicated by counsel in March 2008." The Magistrate Judge believes that this RFA should be answered with an admission or denial. They either objected to the use of the movie title Soul Men prior to October 15, 2008, or they did not. The answer provided is nonresponsive.

Exhibit F (Docket Entry No. 166-6)(pages 74-76) deals with RFAs 72 through 76. These RFAs drew attorney-client privilege

objections.  RFAs 72 and 73 (page 74) assume that there were one or more drafts of a March 3 letter.  Plaintiffs object that this touches on communication between attorneys and their clients and need not be answered.  The Magistrate Judge has mixed views about this particular issue.  The letter itself was clearly prepared with a view toward being disseminated to the Weinstein company, and as such may have a lowered attorney-client privilege.  The RFAs do not ask for actual communication between the attorney and the client.  They only ask whether the client saw a particular document.  The Magistrate Judge believes that these RFAs should be answered to the extent that they admit or deny whether any of the plaintiffs saw a draft of Mr. Lutzker's March 3, 2008, letter.  RFAs concerning what action they took regarding drafts would be covered by the attorney-client privilege.

RFA 74 (page 75) need not be answered.  This is getting into privileged communication between the attorney and the clients.  The letter speaks for itself.  Unless or until the clients deny that the letter represents their position in this matter they need not answer.

Finally, RFA 76 (page 75) asks the plaintiffs to admit whether a certain statement was contained in the letter.  The letter speaks for itself and the plaintiffs should answer whether the statements contained in the RFA is accurate or not.  In a roundabout way the plaintiffs admitted that the quoted language appears. But they bury this response in a footnote to their

8

response.  This RFA could have been answered by a simple admission with any explanation desired.

RFA 67 (page 77) was withdrawn.

In summary, the Magistrate Judge has directed the plaintiffs to answer certain of the RFAs within 21 days.  The Magistrate Judge **DECLINES** to deem any matters admitted, provided the plaintiffs comply with the directions to answer or supplement answers as set out above.

It is so **ORDERED**.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge