IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| SAMUEL DAVID MOORE, JOYCE ELLEN MOORE, and THE SJM TRUST, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:09-cv-00166 |
| THE WEINSTEIN COMPANY LLC d/b/a DIMENSION FILMS, MGM STUDIOS, INC.; GENIUS PRODUCTS, LLC; CONCORD MUSIC GROUP, INC. | ) ) ) ) ) ) | Judge Trauger/Brown |
| Defendants. | ) ) | |

## **O R D E R**

Currently pending before the Magistrate Judge are two motions by Defendants. (Docket Entries 255, 259). The first Motion is an Application for Rule 37(1)(5)(A) Fees. (Docket Entry 255). Plaintiffs have filed a Response. (Docket Entry 255). Defendants have also filed a Motion for Sanctions, to which Plaintiffs have filed a Response. (Docket Entries 259, 271). For the reasons set forth below, Defendants' Application for Fees is **GRANTED in part**, and their Motion for Sanctions is **GRANTED in part**.

The Magistrate Judge directed Defendants to submit a request for reasonable fees on August 3, 2011. (Docket Entry 247). In response, Defendants submitted the pending Application. (Docket Entry 255). Plaintiffs object to the award of any fees to Defendants and, in the alternative, claim that the fees sought by Defendants are unreasonable. With regard to the first

point, Plaintiffs have latched on to a phrase in the Magistrate Judge's Order denying reconsideration of the award of fees. (Docket Entry 250). In that Order, the undersigned wrote, "the Magistrate Judge will make a determination as to what, if anything, should be awarded." *Id*. at 4. Plaintiffs interpret this as a conditional award of fees to Defendants, but the Magistrate Judge's intention was to persuade the parties to work out these issues on their own. Unfortunately, that did not occur, and Defendants are entitled to their reasonable expenses.

Plaintiffs' second argument is that the fees requested by Defendants are unreasonable. Defendants request a total of $25,619 in attorneys fees for filing the renewed motion to compel and preparing the fee request. Of this total, Defendants claim $7,044 for preparing the fee request. The Magistrate Judge believes this total is unreasonable. Rather than submitting a basic fee application, Defendants chose to reargue their entitlement to fees. In accordance with Sixth Circuit precedent, the Magistrate Judge believes this should be limited to 3% of the hours spent litigating the Motion to Compel. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 620-21 (6th Cir. 2007).[1]

Defense counsel spent a total of 65.5 hours[2] on the Motion to Compel and associated

---

[1] Indeed, in the case attached to Defendants' Application, Judge Trauger greatly reduced the Waller firm's award for preparing the fee application, which was equivalent to "about 70 percent as much as the cost of preparing complex cross-motions for summary judgment" in the case. *Cummings Inc. v. BP Prods. N.A., Inc.*, 2010 WL 796825, *4 n.3 (M.D. Tenn. March 3, 2010).

[2] Three entries submitted by Defendants were not included in this total. At the top of page 7 of Docket Entry 256-1, Ms. Zibart has a time entry of 0.8 hours with no narrative. On page 13, Ms. Zibart has a time entry of 1.2 hours for "conduct[ing] preliminary review of additional documents produced by Plaintiffs in order to determine document requests for which no response has been provided." This document review would be necessary regardless of Plaintiffs' noncompliance with discovery requests and is therefore disallowed. On page 15, there is a narrative claiming 0.9 hours with no accompanying billing attorney. Therefore, a total of 2.9 hours have been excluded from Defendants' submission.

discovery issues, for a total cost of $17,768. The average hourly rate for these services was $271. Plaintiffs have argued that Defendants' claimed hourly rates are unreasonable and that a more reasonable rate would be $250 for Mr. Harvey and $200 for Ms. Hubbard and other junior associates. Defendants have attached to their application a 2010 decision by Judge Trauger awarding fees. *Cummings Inc. v. BP Prods. N.A., Inc.*, 2010 WL 796825, *4 n.3 (M.D. Tenn. March 3, 2010). In that decision, Judge Trauger awarded Mr. Harvey's fees at $400 per hour. *See id*. Ms. Hubbard's billable rate was recorded at $230 in 2009, with a more senior associate with "about a decade of experience" earning $255 per hour in 2009. *Id*. Another "more junior associate" earned $180 per hour in 2009. *Id*. With these numbers in mind, the Magistrate Judge believes Ms. Hubbard's hourly rate should be reduced to $255 per hour, Ms. Zibart's rate should be reduced to $200 per hour, and Mr. Scott's rate should be reduced to $180 per hour. This would reduce the $17,768 figure to $16,995.50, with an average hourly rate of $259 per hour.

With regard to fees for preparing the Motion to Compel, defense counsel is entitled to two (2) hours of preparation time at an average rate of $259 per hour, for a total of $518. Therefore, Plaintiffs are **ORDERED** to pay Defendants' reasonable attorneys fees of **$17,513.50** for their discovery abuses.

With regard to Defendants' Motion for Sanctions, the Magistrate Judge believes Defendants should be entitled to an adverse inference with regard to Plaintiffs' claim that they received income from the intellectual property asserted in the lawsuit and **RECOMMENDS** that the trial judge implement this remedy. The Magistrate Judge also **RECOMMENDS** that Plaintiffs be precluded from relying on documents not produced as of the date of this Order and from relying on any electronically stored information ("ESI") not produced as of the date of this Order. Plaintiffs have repeatedly been warned of the consequences for missing deadlines and

failure to produce documents. Plaintiffs failed to comply with the August 31, 2011 deadline in the Magistrate Judge's previous Order (Docket Entry 247) and informed Defendants they had done their "best" but intended to reserve their right to rely on documents discovered after the deadline. Ms. Moore informed Defendants at her deposition that she had not searched all her files, more than two years into the litigation. Plaintiffs have repeatedly failed to produce ESI. Plaintiffs have also failed to provide their tax returns to Defendants, as ordered by the Magistrate Judge.[3] (Docket Entry 247). For these reasons, the Magistrate Judge believes the penalties above are appropriate and necessary.

It is so **ORDERED**.

Entered this 2nd day of February, 2012.

/S/ Joe B. Brown

JOE B. BROWN
United States Magistrate Judge

---

[3] Plaintiffs apparently admit no intellectual property licenses were included in their tax returns.