IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL DAVID MOORE, JOYCE ELLEN MOORE, and THE SJM TRUST, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:09-cv-00166 |
| THE WEINSTEIN COMPANY LLC d/b/a DIMENSION FILMS, MGM STUDIOS, INC.; GENIUS PRODUCTS, LLC; CONCORD MUSIC GROUP, INC. | ) ) ) ) ) ) | Judge Trauger/Brown |
| Defendants. | ) ) | |

**O R D E R**

Presently pending before the Magistrate Judge are two Motions filed by Plaintiffs, a Motion to Amend and a Second Motion to Compel Reclassification of Confidentiality Designations and Production of Non-Redacted Documents in Response to Discovery Requests. (Docket Entries 277, 279). Plaintiffs have filed supporting Memoranda (Docket Entries 278, 281), and Defendants have filed Responses (Docket Entries 284, 291). Plaintiffs have also filed a Reply to Defendants' Response in Opposition to their Leave to Amend. (Docket Entry 290). The Magistrate Judge heard oral argument on these motions on January 19, 2012. (Docket entry 315). For the reasons set forth below, Plaintiffs' Motion to Amend is **DENIED**, and Plaintiffs' Second

1

Motion to Compel is **GRANTED in part**.[1]

**1.      Motion to Amend**

Plaintiffs seek permission to amend their complaint to dismiss The SJM Trust ("SJM"), to "clarify" their claims regarding the Lanham Act and state law publicity claims, and to add a new common law copyright claim. Defendants do not object to Plaintiffs' dismissal of SJM with prejudice but disagree with Plaintiffs' attempt to do this through amendment.[2] Defendants also object to Plaintiffs' amendment in general, as the deadline to amend under the Case Management Order passed on December 17, 2010. (Docket Entry 142).

As an initial matter, the parties differ as to whether the Motion should be analyzed under Fed. R. Civ. P. 15 or 16. Because Plaintiffs seek to modify the Case Management Order (Docket Entry 142), the Magistrate Judge believes Fed. R. Civ. P. 16(b)(4) applies. *See Leary v. Daeschner*, 349 F.3d 888, 906-09 (6th Cir. 2003) (discussing the intersection between Rules 15 and 16). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." When a party's proposed amendment would require amendment of the scheduling order, the party seeking amendment must, as a threshold requirement, demonstrate "good cause" for failing to seek amendment within the parameters of the scheduling order. *See Leary*, 349 F.3d at 906-09. Part of the "good cause" standard requires determining whether the opposing party will be prejudiced by the amendment. *See id*. *See also Korn v. Paul Revere Life Ins. Co.*, 382 Fed. App'x 443, 448-49 (6th Cir. 2010).

---

[1] Defendants also have two Motions pending before the Magistrate Judge, Docket Entries 225 and 259, which will be ruled on in a separate Order.

[2] At the hearing, the parties indicated that they would file a stipulation regarding the dismissal of SJM with prejudice.

Here, Plaintiffs argue that they have good cause for failing to seek an amendment before this late date. Leaving aside the parties' agreement, in general, regarding SJM's dismissal, there are three changes sought by Plaintiffs. First, Plaintiffs wish to "clarif[y] facts previously alleged," primarily with regard to the extraterritorial reach of the Lanham Act. Plaintiffs argue that Defendants have failed to provide discovery regarding their worldwide distribution and marketing efforts. It appears to the Magistrate Judge that Plaintiffs are attempting to resolve a discovery dispute through an amendment. It is unclear why this amendment could not have happened at an earlier time; clearly, the Plaintiffs knew they wished to pursue claims for damages arising out of the worldwide distribution and marketing. In Exhibit 1 to their Motion, Plaintiffs admit they advised defense counsel that Defendants were deficient in their document production as early as February 2, 2011. (Docket Entry 278-1).

Similarly, Plaintiffs knew of issues surrounding their state law publicity claims at an earlier date. Plaintiffs seek to amend their complaint "to incorporate recognition that the common law of the right of publicity of other jurisdictions may also be applicable." As Defendants point out in their Response, Plaintiffs have been aware of the choice of law issue on this claim since at least April 17, 2009, when Defendants raised it in their Motion to Dismiss. (Docket Entry 27, p. 16, n. 10).

Plaintiffs' third proposed amendment is to add a common law copyright claim, based on the use of Sam Moore's ad lib "catch phrase," which Plaintiffs purportedly learned of late in discovery. Plaintiffs cite to the deposition testimony of three witnesses and the text of the song *Hold On! I'm Comin'* filed with the United States Copyright Office, produced during discovery, as evidence of this newly-discovered claim. Defendants counter that the sound recording

3

containing the phrase purportedly owned by Sam Moore was made in 1966, and the deposition testimony of Rachel Levy that ad lib lines might require a film producer to secure consent is not an admission that Plaintiffs' purported copyright has been violated. At oral argument, Defendants also claimed that Plaintiffs' theory on this claim is a novel one.

On this final point, the Magistrate Judge believes Plaintiffs have not demonstrated good cause to modify the Case Management Order. Plaintiff Sam Moore clearly must have been aware of his claim that he was the first to ad lib the phrases at issue in 1966. It is unclear to the undersigned how the deposition testimony cited was necessary for Sam Moore to understand that this claim might exist. Moreover, the Magistrate Judge is not persuaded that Ms. Levy's testimony is a "smoking gun" that revealed a new claim to Plaintiffs. Finally, allowing a new claim at this date would undoubtedly prejudice Defendants and cause delay. A common law copyright claim over the lyrics to *Hold On! I'm Comin'* and Sam Moore's purported ad lib would require reopening discovery.[3] Plaintiffs are simply too late and have demonstrated no good cause for amending the complaint and reopening discovery. Therefore, the Motion to Amend is **DENIED**.

**2.     Second Motion to Compel Reclassification**

Plaintiff's Second Motion to Compel Reclassification is, in essence, a renewal of a previous Motion that was denied by the Magistrate Judge on August 17, 2011. (Docket Entries

---

[3] In their Reply, Plaintiffs cite *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) for the proposition that defendant must articulate "at least *some significant showing of prejudice*." This case was decided under Rule 15 and, in any event, upheld the district court's denial of leave to amend. *See id.* at 834-35. The Sixth Circuit also cited a number of cases that found "that allowing amendment after the close of discovery creates significant prejudice," as is the case here. *Id.* at 834.

216, 218, 248). In the Order, the Magistrate Judge declined to order reclassification or full production of documents without reviewing the documents at issue. (Docket Entry 248). In response to this Order and in support of their Second Motion, Plaintiffs submitted a banker's box full of redacted documents that had been designated "attorneys' eyes only" by Defendants for *in camera* review.[4] After the hearing, Defendants submitted non-redacted copies of certain documents for *in camera* review.

At the hearing, Plaintiffs noted that Defendants had cited to some documents designated "attorneys' eyes only" in their Motion for Summary Judgment. Plaintiffs' Motion is **GRANTED** as to those documents cited in Defendants' Motion for Summary Judgment, and those documents shall be redesignated "confidential" and subject to the Protective Order. (Docket Entry 51). The Magistrate Judge believes that Plaintiffs have a clear need to examine documents referred to in a Motion for Summary Judgment.

In denying Plaintiff's first Motion on this issue, the Magistrate Judge noted:

> Without reviewing the documents at issue, the Magistrate Judge cannot determine whether Defendants' classification and redaction is appropriate. The Plaintiffs should not treat this as an invitation by the Magistrate Judge to review 122 documents *in camera*. From a review of Plaintiffs' submitted chart (Docket Entry 218-8), the Magistrate Judge believes at least some of Defendants' designations appear appropriate. For example, the Magistrate Judge does not believe employment agreements with the Weinsteins need be disclosed to the Plaintiffs themselves, absent a stronger showing than Plaintiffs have made in their Motion. Moreover, the Magistrate Judge believes Defendants' redaction log, filed as exhibits by both parties, appears to provide appropriate and adequate information regarding Defendants' redactions. (Docket Entries 218-7, 232-2).

---

[4] As discussed at the hearing, the Magistrate Judge found these documents to be disorganized and almost impossible to review. In the future, counsel is reminded that it is a good practice to include an index and to staple or otherwise clip document pages together.

5

(Docket Entry 248). In response, Plaintiffs produced a large number of documents for *in camera* review. Plaintiffs have categorized these documents as financial documents, agreements, and emails. Plaintiffs' primary argument is that Defendants have abused the "attorney's eyes only" label and have redacted certain documents as to make them incomprehensible. Defendants assert that they have properly established protection, as these documents are trade secret or otherwise confidential, and Plaintiffs have set themselves up as competitors to Defendants.

While Plaintiffs dispute their status as competitors, it is clear to the Magistrate Judge that they are, in fact, attempting to compete on some level with Defendants. As noted by Defendants, Plaintiffs have contended in pleadings and other submissions that Defendants have competed with Plaintiffs. (Docket Entry 146). At her deposition, Plaintiff Joyce Moore testified she has been trying to pitch a television and feature film based on the book "Sam and Dave: An Oral History." This is sufficient to support Defendants' assertion that Plaintiffs are competitors and that portions of certain documents constitute trade secrets and have been properly redacted to conceal this information.

Because Defendants have filed a Motion for Summary Judgment (Docket Entry 303), this issue may become moot. In addition, discovery is complete in this case, so Plaintiffs' use of these documents would, in effect, be limited to trial preparation and evidence. Therefore, if Plaintiffs' case survives the Motion for Summary Judgment, the Magistrate Judge will **GRANT** Plaintiffs' request to redesignate as "confidential" those documents submitted for *in camera* review. The Magistrate Judge believes Plaintiffs should be able to examine these documents to prepare for trial. Given Defendants' redactions, which the Magistrate Judge finds proper, as well as the provisions of the Protective Order (Docket Entry 51), the Magistrate Judge has few

concerns that trade secrets will be revealed by Plaintiffs. Under the Protective Order, Plaintiffs are prohibited from disseminating this information, including after the conclusion of the case. Moreover, it appears highly unlikely that Plaintiffs and Defendants will engage in negotiations with each other in the future, minimizing the impact of this information.

It is so **ORDERED**.

Entered this 3rd day of February, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge