IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL DAVID MOORE, JOYCE )
ELLEN MOORE, and THE SJM TRUST, )
)
    Plaintiffs, )
)
v. )
) Case No. 3:09-cv-0166
THE WEINSTEIN COMPANY LLC ) Judge Trauger/Brown
d/b/a DIMENSION FILMS, MGM )
STUDIOS, INC.; GENIUS PRODUCTS, )
LLC; CONCORD MUSIC GROUP, INC. )
)
    Defendants. )

# **O R D E R**

After Defendants' Motion for Summary Judgment was granted on May 23, 2012, Defendants submitted a Bill of Costs to the Clerk on June 22, 2012. (Docket Entries 375-76, 382). The Clerk taxed these costs to the Plaintiffs on July 2, 2012. (Docket Entry 383). On the same date, Plaintiffs filed their Objections. (Docket Entry 384).[1] After receiving leave to file their specific Objections, Plaintiffs filed them on July 18, 2012. (Docket Entry 387). Defendants filed a Response. (Docket Entry 391). Plaintiffs filed a Reply. (Docket Entry 393). For the reasons set forth below, Plaintiffs' Objections are **ACCEPTED in part** and **DENIED in part**. Defendants' costs are hereby taxed at **$52,728.67**.

Defendants submitted costs that can be sorted into four primary categories: (1) Service Fees, (2) Deposition Costs, (3) Copying Costs, and (4) E-Discovery Costs. All of these are allowed pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. The Court has broad

---

[1] While these Objections were arguably untimely under Local Rule 54.01(a), Judge Trauger ordered Plaintiffs to file their specific objections to the Bill of Costs no later than July 18, 2012. (Docket Entry 386).

discretion in determining whether to tax a specific cost. *See Riddle v. First Tenn. Bank, Nat. Ass'n*, 2011 WL 6740334 (Dec. 20, 2011). Some of Plaintiffs' objections in each of these categories are warranted, and the Magistrate Judge has made downward adjustments in each category, as described below.

Plaintiffs argue that no costs should be taxed because the costs are unreasonable, the "closeness" or "uniqueness" of the case, and the Plaintiffs indigent status. The Magistrate Judge is not persuaded that a case dismissed on a motion for summary judgment is so unique or close that billing costs is unfair or unreasonable. Moreover, any unreasonable costs can be (and, in this Order, are) reduced. Finally, Plaintiffs have resisted attempts to ascertain their financial status at every turn. *See*, *e.g.*, Docket Entries 323, 374. The Magistrate Judge recommended, and Judge Trauger adopted with modification, an adverse inference that: "The plaintiffs have never received income for or related to any purported trademarks, rights of publicity or other rights asserted in this lawsuit." (Docket Entry 374). Plaintiffs may not now use their financial status to avoid paying costs.

**1.    Service Fees**

Under 28 U.S.C. § 1920, the prevailing party may collect "fees of the clerk and marshal," which have been interpreted to include the fees of private process servers, so long as those fees do not exceed the marshal's rate for service of process. *See Arrambide v. Wal-Mart Stores, Inc.*, 33 Fed. App'x 199, 202-03 (6th Cir. 2002). The current fee for service of process by the United States Marshal Service is $55 per hour, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Here, Defendants seek service fees ranging from $40 to $170. (Docket Entry 382, p. 3). Five (5) service fees range from $70 to $85. The Magistrate Judge believes these should all be

reduced to the U.S. Marshal Service's rate of $55. Defendants have shown no justification for these additional costs.

The Magistrate Judge will overrule Plaintiffs' objections to the $170 charge for attempted service on Roger Friedman, however. Dominic Dellaporte's Declaration, submitted by Defendants, indicates that Mr. Friedman repeatedly attempted to evade service. (Docket Entry 390). Therefore, Defendants are entitled to the full $170 service fee in this instance. The total cost awarded for service of subpoenas is **$545**.

**2.     Deposition Costs**

Plaintiffs object primarily to the lack of itemization in Defendants' Bill of Costs, noting that deposition charges are based in part on the speed by which a transcript is requested. Plaintiffs also object to Defendants' submitted costs for video and paper transcripts for the Plaintiffs' depositions. As to the first objection, the Magistrate Judge ordered Defendants to submit additional invoices with itemized costs. On December 17, 2012, Defendants submitted the Declaration of Heather J. Hubbard, which provides this information in part.[2] (Docket Entry 401).

From Ms. Hubbard's Declaration and the attached documentation, it is clear that Defendants requested expedited transcripts for two depositions, Joyce Moore and Collin Standback. Ms. Moore's deposition transcript, which took place on September 14 and 15, 2011, was expedited so that Defendants could file their Motion to Compel (Docket Entries 259-60), which was granted in part. (Docket Entry 323). Mr. Standback's deposition transcript was expedited because Plaintiffs had failed to have a transcript prepared or to pay the reporter's fees

---

[2] The undersigned recognizes Defendants were given only a short time to respond to this information request.

for approximately three months, and Defendants' dispositive motion deadline was within approximately thirty days. Having reviewed Defendants' submissions on this point, the Magistrate Judge believes Defendants have shown these deposition transcript costs were necessary, and they should be awarded.

With regard to the videotaped depositions, the Magistrate Judge agrees with Judge Sharp's opinion in *Riddle*, 2011 WL 6740334 at *2. The 2008 amendments to 28 U.S.C. § 1920(2) use the disjunctive "or" when referring to "[f]ees for printed or electronically recorded." *Id*. Therefore, Defendants' videotape costs are not necessary and should not be taxed to Plaintiffs. The charges for the videotaped depositions of Plaintiffs, at $1,126.64 and $2,204.12, are therefore excluded from Defendants' Bill of Costs.

The Magistrate Judge also believes the depositions related to personal jurisdiction with regard to the Weinsteins should not be taxed to Plaintiffs. These depositions were ordered by the Magistrate Judge after the Weinsteins refused to respond to reasonable discovery requests and to submit informative affidavits on this issue. (Docket Entries 64, 72). Therefore, the Magistrate Judge finds these costs unnecessary and will not tax them.

A related issue is the $40 witness fee for Kirt Webster. The Magistrate Judge believes this is a valid cost and overrules Plaintiffs' objections on this point. The total costs taxed in the depositions category is **$12,877.44**.

3. **Copying Costs**

Plaintiffs object to both the per page charge and the number of copies claimed by Defendants. Defendants' copy charges range from $0.15 per page to $0.20 per page, with scanning charged at $0.08 per page, with a total dollar value of $3,158.08. As a point of reference, the undersigned notes that the United States Marshal Service may recoup copying

costs at $0.10 per page under 28 C.F.R. § 0.114(a)(4). The Magistrate Judge believes Defendants' copy costs are reasonable, but the per page fee should be limited to $0.15, based on the lower rate negotiated early in this litigation. While Plaintiffs' objections to the scanning charges are well-taken, scanning does require labor and is a necessary cost to Defendants. Moreover, in some instances, scanning may have saved money through emailed discovery requests, rather than mailed copies.

Plaintiffs' objection to the number of copies claimed by Defendants is not persuasive. The copy entries appear to be necessary to litigation. The largest and most expensive copy jobs are related to depositions and document production. In a case with protracted discovery (at the fault of both sides), Defendants' number of necessary copies is reasonable. Defendants' award of copying costs is hereby reduced by $48.75, for a total of **$3,109.33**.

**4. E-Discovery Costs**

Defendants' largest cost submission is for electronic discovery, at over $40,000, nearly two-thirds of their total bill of costs. Approximately half was performed by an outside vendor, Document Solutions, at a cost of $22,706.90. The other charges were performed in-house at Waller. The parties agreed to e-discovery procedures in the Case Management Order. (Docket Entry 142). These provided a specific format (singe-page TIF), including Summation, DII, and LFP load files.

The Magistrate Judge has reviewed these charges and believes some are unreasonable and should be reduced or eliminated. The Document Solutions charges are reasonable and necessary. Pursuant to the Case Management Order, costs for processing documents into specific formats were required to be borne by each party. Moreover, further processing that document for production by, for example, searching for specific custodians, is also a necessary cost of this

litigation.

With respect to the in-house "Technology Services" charges, however, the Magistrate Judge is persuaded that the per hour charge of $150 is unreasonable. Document Solutions billed "tech time" at $175 per hour, which would presumably be significantly higher than the rates billed to Waller clients by Waller's in-house technical staff. The Magistrate Judge believes that a rate comparable to an experienced paralegal would be more appropriate. The technology services technologists have specialized expertise and training similar to a paralegal. Therefore, the Magistrate Judge will set a more reasonable billing rate of **$100/hour** for Technology Services billing.

In addition to an unreasonable rate, some time entries are unnecessary or are for costs not properly taxed to the Plaintiffs. These entries include the May 25, 2011 entry for "Work on discovery budget" (not properly taxed to Plaintiffs), the several entries for "Preparation of deposition transcripts for review" or for "Preparation of documents for hearing" (paralegal work), and the September 27, 2011 entry for "Prepare for and attend telephonic deposition of IT vendor" (unnecessary). In total, these disallowed entries constitute 9.6 hours of billable time. Therefore, the total billable hours allowed are **134.9**. At the new rate of $100/hour, total billing for Technology Services hours is **$13,490**.

With the reductions in this category, the total taxable costs for e-discovery are **$36,196.90**.

## CONCLUSION

Pursuant to the foregoing, Defendants' costs are properly taxed to Plaintiffs at **$52,728.67**. The Magistrate Judge has issued this in the form of an Order. In the event Judge Trauger determines this should be more properly be deemed a Report and Recommendation, she

may of course address it under that standard.

In that event, under Rule 72(b) of the Federal Rules of Civil Procedure, any party would have fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

Entered this 18th day of December, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge